## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONNY L. HOWARD** | : |
| **4410 Boxwood Drive** | |
| **Montclair, VA 22025** | : |
| | |
| **Plaintiff,** | : |
| | |
| **v.** | : |
| | **Civil No.** |
| **UNITED STATES OF AMERICA** | : |
| | |
| <u>**Serve:**</u>    **The Honorable Eric Holder** | : |
| **Attorney General of the United States** | |
| **Department of Justice, Room 4400** | : |
| **950 Pennsylvania Avenue, NW** | |
| **Washington, DC 20530-0001** | : |
| | |
| **and** | : |
| | |
| **Ronald C. Machen, Jr., Esquire** | : |
| **United States Attorney** | |
| **District of Columbia** | : |
| **555 Fourth Street, NW** | |
| **Washington, DC 20530** | : |
| | |
| **and** | : |
| | |
| **Office of the Army General Counsel** | : |
| **Department of the Army** | |
| **104 Army Pentagon** | : |
| **Washington, DC 20310-0104** | |
| | : |
| **Defendant.** | |
| | : |

Regan Zambri Long.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COMPLAINT FOR NEGLIGENCE
### (Medical Negligence: FTCA)

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1346(b) as the claims are brought against the United States for money damages, and 28 U.S.C. § 1391, as the cause of action arose in the District of Columbia.

3.      On or about September 13, 2011, Plaintiff filed a claim with the United States Army Claims Service, pursuant to the Federal Tort Claims Act, in connection with medical care and treatment rendered to him at Walter Reed Army Medical Center, specifically a November 12, 2009, procedure that sutured closed Plaintiff's right ureter. The claim listed damages in the amount of $3,500,000.00.

4.      This claim was subsequently acknowledged in writing on behalf of the Office of the Command Judge Advocate in correspondence dated October 21, 2011.

5.      Pursuant to the applicable provisions of the FTCA, Plaintiff has elected to commence this action pursuant to 28 U.S.C. § 2675(a).

## **PARTIES**

6.      Plaintiff Ronny Howard is an adult citizen and resident of the Commonwealth of Virginia.

7.      Defendant the United States of America is subject to suit under the Federal Tort Claims Act for the negligent or wrongful acts and/or omissions of its agents, servants, employees and/or personal service contractors, including but not limited to the United States Department of the Army.

8.     Upon information and belief, at all relevant times herein, the United States of America and/or the Department of the Army owned, managed, and/or operated the Walter Reed Army Medical Center ("WRAMC").

9.     Upon information and belief, at all relevant times herein, WRAMC was a medical facility licensed to do business and conducting business in the District of Columbia.

10.     Upon information and belief, as a result of the Base Realignment and Closure Act, WRAMC was consolidated with National Naval Medical Center on November 10, 2011, into Walter Reed National Military Medical Center in the State of Maryland.

11.     Upon further information and belief, and based upon representations made by WRAMC, the health care providers at WRAMC were agents, servants, employees and/or personal service contractors of WRAMC at all relevant times herein. WRAMC is vicariously liable for all acts and/or omissions thereof.

## FACTS

12.     On or about July 17, 2009, Mr. Howard presented himself to WRAMC because of lower left quadrant abdominal pain.  After diagnostic assessment, physicians at WRAMC decided to urgently take Mr. Howard to the operating room for a sigmoidectomy and possible colostomy. Two Army surgeons, CPT Jason S. Hawksworth and MAJ Matthew T. Hueman, performed those procedures.  Army physicians CPT Monica L. Colombo and LTC G. Bennet Stackhouse inserted a left

Regan Zambri Long.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

urethral stent using cytoscopic guidance prior to the procedure to aid the surgeons in the identification of the ureter during surgery.

13.     On or about July 23, 2009, Mr. Howard underwent a "Delayed Primary Closure" procedure performed by LT Tiffany Cox, US Navy, and MAJ Hueman.

14.     On or about November 12, 2009, Mr. Howard underwent a surgical procedure to close the colostomy performed on July 17, 2009.     The closure was negligently performed at WRAMC by CPT Hawksworth and COL Annesley and resulted in the suturing closed of Mr. Howard's right ureter.

15.     By November 14, 2009, Mr. Howard was experiencing severe abdominal pain and began the first of numerous procedures to try to correct the error.  On or about November 18, 2009, Mr. Howard underwent a procedure to drain "intra-abdominal abscess."  A "12-gauge pigtail drainage catheter" was inserted for the drainage.  A radiology report noted "persistent nephron-pyelogram" and ruled out cholecystitis after the procedure.

16.     On or about November 20, 2009, Mr. Howard underwent a percutaneous nephrostomy tube placement procedure due to right ureter obstruction.  A radiology report of November 22, 2009 noted the continued presence of free, pelvic fluids.  On or about November 23, 2009, Mr. Howard underwent an invasive procedure under general anesthesia to exchange his nephrostomy tube for a different type.

17.     On or about December 4 and 8, 2009, Mr. Howard had appointments at WRAMC for Wound VAC change.  Mr. Howard was concerned about narcotic

Regan Zambri Long.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

withdrawal symptoms he was experiencing and underwent a radiology study to evaluate for "resolution of abscess."

18.     On or about December 11, 2009, Mr. Howard was again seen for Wound VAC Change.  Mr. Howard was suffering "repeated vomiting" and was admitted for dehydration.

19.     On or about December 22, 2009, Mr. Howard was seen for increased back pain, which the medical note states was likely due to nephrostomy tube obstruction.  His wounds were cleaned and the nephrostomy tube cleaned and cleared.  On or about January 5, 2010, Mr. Howard underwent a nephrostomy tube exchange.

20.     On or about January 8, 2010, Mr. Howard was seen at WRAMC for increased flank pain.  The Army was concerned about infection being the source of the pain and Mr. Howard was diagnosed with a urinary tract infection.

21.     Mr. Howard underwent an evaluation on or about January 12, 2010 to check for ileostomy leaks.  Mr. Howard was experiencing pain but doing well clinically. He resumed his use of narcotics for pain control and underwent a radiology exam.

22.     On or about January 21, 2010, Mr. Howard underwent a radiology exam of his abdomen.  Mr. Howard presented at WRAMC because of right flank pain and urinary tract infection.  He was examined for renal abscess.

23.     On or about January 22, 2010, Mr. Howard underwent nephrostomy tube replacement.  He was examined on January 25, 2010 for PICC line positioning.

24.    On or about February 5, 2010, Mr. Howard was diagnosed with MRSA—Methicillin-resistant Staphylococcus Aureus.

25.    On or about March 7, 2010, Mr. Howard was examined for renal abscess or pyelonephritis, of which there was no evidence.  On or about March 9, 2010, Mr. Howard was admitted with possible repeat right pyelonephritis and underwent nephrostomy tube exchange.

26.    On or about April 4, 2010, Mr. Howard was evaluated at the WRAMC emergency room for right flank pain and hematuria and then examined for pyelonephritis or renal abscess.  Mr. Howard was admitted overnight because he was not "drawing well" and his urine contained a "large amount of sediment."  The Army planned to perform an ileostomy takedown and right ureter repair in June 2010.

27.    On or about May 6, 2010, Mr. Howard was seen for recurring flank pain associated with the infections.   Mr. Howard underwent a "routine percutaneous nephrostomy catheter exchange" on that date.

28.    On or about May 17, 2010, Mr. Howard underwent right sided percutaneous nephrostomy tube replacement on that date.  On or about June 5, 2010, Mr. Howard underwent radiology examination to determine whether his nephrostomy tube was dislodged.

29.    On or about June 10, 2010, Mr. Howard was admitted to WRAMC for completion of colectomy, ileo-rectal anastomosis, and reimplantation of his ureter.  He also underwent a nephrostomy tube exchange.

Regan Zambri Long.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

30.    On or about June 11, 2010, Mr. Howard underwent ureteral catheter placement and right uterolysis with reimplantation of the right ureter by utilizing a psoas hitch procedure, performed by COL Jezior and CPT Eric Whitman.  After repair of the ureter, the remaining procedures were performed by CPT Hawksworth and LTC George Berndt.

31.    On or about August 25, 2010, Mr. Howard experienced persistent right flank pain and was evaluated for obstruction.  He was admitted for "IV hydration and pain control" and "likely persistent right ureteral reflux."

32.    On or about August 27, 2010, Mr. Howard underwent cystoscopy.  On or about November 28, 2010, Mr. Howard underwent cystoscopy with Botox injection. Mr. Howard continued to experience right flank pain and urinary frequency.

33.    On or about Marcy 20, 2011, Mr. Howard was treated for acute urinary retention with the placement of a Foley catheter and started taking Alfuzosin and Levaquin.

34.    On or about April 11, 2011, Mr. Howard continued to experience increased urinary frequency.  Dr. Jezior recommended physical therapy to assist with bowel and bladder control, which Mr. Howard continued through at least May 6, 2011.

## COUNT I
### Medical Negligence

35.    Plaintiff incorporates, by reference, paragraphs 1 through 34 above, and further alleges that at all times relevant to the allegations herein, Plaintiff had a health care provider-patient relationship with each of the named health care providers and all

Regan Zambri Long.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

other agents, servants, employees, and/or personal service contractors of WRAMC who provided care and treatment to Mr. Howard during his admission at WRAMC. Accordingly, Plaintiff alleges that each of the Health Care Providers had a duty to provide him with medical care and treatment consistent with the applicable national standard of care under the same or similar circumstances.

36.   Plaintiff further alleges that the health care providers at WRAMC, breached the national standard of care as practiced by reasonably competent health care providers under the same or similar circumstances, and, as a result, Plaintiff suffered great physical and emotional pain. The negligent care and/or treatment by the named health care providers at WRAMC included, but was not limited to the following:

a.   the failure to identify the ureters through readily available, known techniques such as dissection and the use of ureteral catheters;

b.   the failure to identify and inspect the ureters at the beginning of the procedure, during the procedure, and after the procedure, prior to closing the patient;

c.   the failure to determine whether a ureter injury has occurred during the procedure and to allow its immediate repair.

37.   Plaintiff further alleges that, as a direct and proximate result of the negligent acts and/or omissions of the named health care providers at WRAMC, Plaintiff suffered significant and severe physical injuries, including but not excluding, permanent injury to his right ureter, addition to narcotics and withdrawals therefrom, loss of work time and loss of career advancement opportunities, contraction of MRSA which he is

now a permanent carrier, permanent diminished bladder control, erectile dysfunction and decreased sensitivity.

38.   Plaintiff further alleges that, as a further direct and proximate result of the negligent acts and/or omissions of the named health care providers at WRAMC, Plaintiff suffered severe physical pain and suffering, discomfort, mental anguish and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in the full and just amount of Three Million and Five Hundred Thousand Dollars ($3,500,000.00), plus interest and costs; costs and reasonable attorneys fees, along with such other relief as this Court deems just and proper.

Respectfully submitted,

REGAN ZAMBRI LONG

By: _____
Patrick M. Regan  #336107
pregan@reganfirm.com
Jacqueline T. Colclough  #434483
jcolclough@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH:  (202) 463-3030
FX:  (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030